## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS B. ELLINGTON,               :
    Petitioner                      :          CIVIL ACTION NO. 3:14-CV-019
                                    :
    v.                              :          (Judge Nealon)
                                    :          (Magistrate Judge Mehalchick) FILED
MICHAEL OVERMYER, et al.,          :                                     SCRANTON
    Respondents                     :

AUG 2 7 2014

PER _____ /s/
DEPUTY CLERK

### MEMORANDUM

Petitioner, Thomas Benjamin Ellington, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 7, 2014, attacking his convictions in the Court of Common Pleas of Monroe County, Pennsylvania. (Doc. 1). He alleged the ineffectiveness of pre-trial, trial, post-trial, and appellate counsel, violations of due process, and abuse of discretion by the trial court. (Id.). The petition explained that although Petitioner's request for an allowance of appeal from the denial of post-conviction relief was still pending before the Pennsylvania Supreme Court, he would have only twenty-two (22) days to seek federal habeas relief after the conclusion of the state appellate proceedings, and therefore filed the habeas petition in "an exercise of caution" to protect his rights. (Id. at p. 24).

On August 8, 2014, Petitioner filed a motion to stay and abey his habeas petition to "timely" file a second petition under the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541-9546, in the state court. (Doc. 7) (commenting that his first request to stay and abey, made in the habeas petition, was never decided). He states that the Pennsylvania Supreme Court denied his petition for allowance of appeal on July 8, 2014. (Id.). However, he has since discovered vital information pertaining to his claims, and intends to file a second PCRA petition. (Id.).

For the reasons that follow, the petition will be stayed pending Petitioner's exhaustion of state court remedies.

**Background**

As to his state court proceedings: on March 6, 2010, Petitioner pled guilty to simple assault in Monroe County. See Commonwealth v. Ellington, CP-45-CR-58-2010 (Monroe County filed January 12, 2010). On March 15, 2010, he was convicted by a jury in a separate Information on felony drug charges. See Commonwealth v. Ellington, CP-45-CR-1008-2009 (Monroe County filed June 10, 2009). He was sentenced on May 25, 2010, to a term of imprisonment of not less than one (1) nor more than two (2) years for his assault charges, to run consecutive to his sentence of not less than six (6) nor more than twelve (12) years for his drug conviction. Ellington, CP-45-CR-1008-2009; Ellington, CP-45-CR-58-2010. He filed post-sentence motions in each case on or about May 26, 2010, which were denied on June 15, 2010. Id. Petitioner filed a notice of appeal in

case number 1008-2009 on June 18, 2010, and a notice of appeal in case number 58-2010 on July 9, 2010. Id. His assault conviction was affirmed on February 25, 2011. Commonwealth v. Ellington, 1925 EDA 2010 (Pa. Super. February 25, 2011). The Pennsylvania Superior Court affirmed his drug conviction on April 13, 2011. See Ellington, CP-45-CR-1008-2009. He filed PCRA petitions in both cases on February 3, 2012. See id.; Ellington, CP-45-CR-1008-2009. The PCRA petitions were denied on October 2, 2012. Id. A notice of appeal was filed in each case on November 1, 2012. Id. On November 7, 2013, the appeal from his assault conviction was dismissed. Commonwealth v. Elllington, 3108 EDA 2012 (November 7, 2013). On November 8, 2013, the Pennsylvania Superior Court affirmed judgment on the drug case. Commonwealth v. Ellington, 3109 EDA 2012 (Pa. Super. November 8, 2013). Petitions for allowance of appeal were filed on December 6, 2013, in both cases. Id.; Commonwealth v. Ellington, 3108 EDA 2012 (Pa. Super. December 6, 2013). On January 9, 2014, Petitioner filed renewed PCRA petitions in each case, which were denied as premature on January 30, 2014. Ellington, CP-45-CR-1008-2009; Ellington, CP-45-CR-58-2010. On July 8, 2014, the petitions for allowance of appeal, in both cases, were denied. Ellington, 3108 EDA 2012; Ellington, 3109 EDA 2012.

The instant habeas corpus petition was filed on January 7, 2014. (Doc. 1).

3

Notably, Petitioner has not received notice from this Court in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).[1]

## Discussion

The Antiterrorism Effective Death Penalty Act ("AEDPA") sets forth a one-year period of limitation to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244. Further, it is well-established that a federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must invoke one complete round of the state's established appellate review process.  Id. at p. 845.

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies.  Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  The

---

[1]Pursuant to these cases, he will be afforded the opportunity to amend his section 2254 petition; however, Petitioner is advised to await receipt of this notice, which will be issued after the stay is lifted, prior to filing any additional claims.

threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." Lines, 208 F.3d at 159. See also Baldwin v. Reese, 541 U.S. 27 (2004) (holding that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim"); but see Boyd v. Warden, 579 F.3d 330, 368 (3d Cir. 2009) (holding that the Pennsylvania Supreme Court's Judicial Administrative Order No. 218 deems claims exhausted after having been presented only to the Pennsylvania Superior Court).

Under certain circumstances, the United States Supreme Court has held that "it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state courts." Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The Court stated that a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at p. 277. A

5

"petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" for filing in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  Additionally, "the time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the 'good cause' determination from Rhines." Gerber v. Varano, 512 Fed. Appx. 131, 135 (3d Cir. 2013).  The United States Court of Appeals for the Third Circuit has provided that thirty (30) days is a reasonable length of time to permit the filing of the post-conviction petition, and that the petitioner should be given another thirty-day reasonable interval after the denial of that relief to return to federal court. Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).  In the event that a petitioner fails to meet either time limit, however, the stay should be vacated nunc pro tunc. Id. at p. 154.

In the instant action, although it does not appear that Petitioner has exhibited "reasonable confusion about whether a state filing would be timely," there does seem to be confusion as to exactly how much time he would have to file a federal habeas petition after his state court proceedings conclude in light of the different dates of the appellate court decisions in his two cases.  Furthermore, considering that Petitioner's appeal was pending in the Pennsylvania Supreme Court at the time his federal habeas petition was filed, his assertion that he will

have only twenty-two (22) days to seek federal habeas relief after his state court proceedings conclude, and his intention to "timely" file a second petition under the PCRA, this Court will act with an abundance of caution and find "good cause" to grant his request for a stay and abeyance. See Gerber, 512 Fed. Appx. at 135; Suarez v. Cameron, 2011 U.S. Dist. LEXIS 87902 (M.D. Pa. 2011) (Carlson, M.J.) (finding "good cause" to justify a stay and abeyance because "dismissal of Suarez's petition while he fully exhausts these state claims would ultimately cause him to run afoul of AEDPA's statute of limitations), adopted by 2011 U.S. Dist. LEXIS 87900 (M.D. Pa. 2011) (Conner, J.); Beasley v. Horn, 599 F. Supp. 2d 582, 588 (E.D. Pa. 2009) (concluding that the AEDPA's limitation period was statutorily tolled while the petitioner's "properly filed" second post-conviction petition was pending in state court).  Thus, in order to protect Petitioner's due process rights, the instant petition will be stayed while he exhausts his state court remedies.

A separate order will be issued.


Dated: August 27, 2014

_____
United States District Judge