IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS BENJAMIN ELLINGTON,:
       Petitioner : **CIVIL NO. 3:14-CV-0019**
        :
  v. : (Judge Nealon)
        :
MICHAEL OVERMYER, ET AL., : (Magistrate Judge Mehalchick)
       Respondents :

## MEMORANDUM

### Background

On January 7, 2014, Petitioner, Thomas Benjamin Ellington, an inmate formerly confined at SCI-Forest in Marienville, Pennsylvania, filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner has since been paroled and currently reside in Georgia. (Doc. 28).

On October 3, 2017, Magistrate Judge Karoline Mehalchick issued a Report and Recommendation ("R&R") recommending that the petition be denied and dismissed with prejudice. (Doc. 38). Neither party has filed objections and the matter is now ripe for review. For the reasons discussed herein, the R&R will be adopted, and the petition will be denied and dismissed with prejudice.

### Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report,

under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

In the Report and Recommendation, Magistrate Judge Mehalchick provides the factual and procedural background of the case and the applicable standards of review for a Section 2254 petition, all of which are herein adopted. (Doc. 38, pp. 1-6). Ultimately, Magistrate Judge Mehachick concludes the following: (1) for Ground Four of the petition that Petitioner was denied due process by not being

2

provided with video footage from the prosecution, this claim, which was construed as a <u>Brady</u> violation, should be dismissed because "failing to preserve 'potentially useful evidence' does not violate due process unless the defendant shows that the police acted in bad faith," which Petitioner has not proven in the case at hand, and because, if no footage existed, the officer was at most negligent in failing to report the camera malfunction, and negligence does not amount to a due process violation; (2) for Ground Seven of the petition that the trial court abused its discretion in its handling of the suppression motion, this claim should be dismissed because it was not procedurally exhausted in state court or in a PCRA petition, and Petitioner's claim that procedural exhaustion should be excused due to ineffective assistance of counsel for failure to raise abuse of discretion errors on the part of the trial court and suppression court fail due to lack of evidence; (3) for Ground Eight of Ineffective Assistance of PCRA Counsel, this claim should be dismissed because it is "well-established that claims of ineffective assistance of PCRA counsel are not cognizable on federal habeas review"; (4) for Ground One of the Ineffective Assistance of Pre-Trial Counsel, this claim, including all of its sub-points, should be dismissed because any claimed ineffective assistance does not establish deficient performance in accordance with <u>Strickland</u> as Petitioner has not demonstrated "any reasonable probability that the result of the proceeding

would have been different but for LaBar's actions" and because the PCRA court did not unreasonably apply the Strickland standard in determining this claim failed on the merits; (5) for Ground Two of Ineffective Assistance of Trial Counsel, this claim, including all of its sub-points, should be dismissed because the "PCRA [c]ourt was not objectively unreasonable in its conclusion that [Petitioner]'s ineffective assistance of trial counsel claim failed on it merits"; (6) for Ground Three of Ineffective Assistance of Post-Trial Counsel, this claim should be dismissed because "Strickland does not require counsel 'to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the [petitioner] at sentencing ... nor does Strickland require counsel to present such evidence at sentencing in every case,'" and because there is no evidence that LaBar's actions were unreasonable or that Petitioner was prejudiced; (7) for Ground Five of Denial of Due Process at Every Critical Stage of Proceedings, this claim should be dismissed because, in a challenge for vagueness of the charges based on a lack of specified distance, a "statute does not require 'perfect clarity' to be constitutional" and because 75 Pa.C.S.A. § 3310 is "sufficiently definite to survive [Petitioner]'s constitutional challenge"; and (8) for Ground Six of Denial of Due Process at Trial, this claim should be dismissed because this assertion involves restatements of Petitioner's ineffective assistance

of counsel claims already raised. (Doc. 38, pp. 6-37). Ultimately, the Magistrate Judge recommends that, for the reasons discussed, the petition be denied and dismissed with prejudice. (Doc. 7, p. 5).

After review, and in the absence of objections, because there is no clear error with Magistrate Judge Mehalchick's Report and Recommendation, it will be adopted as such, and the petition, (Doc. 1), will be denied and dismissed with prejudice.

A separate Order will be issued.

**Date:** October 24, 2017

                                      **/s/ William J. Nealon**
                                      **United States District Judge**